UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CURTIS WALKER, | ) | |
| Plaintiff, | ) | Case No. 3:09-cv-0675-ECR-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| MEDICAL MANAGEMENT, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an Application to Proceed *in Forma Pauperis* (#4) and a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1-1). Plaintiff has also submitted a Motion for Appointment of Counsel (#1-2). The Court has screened the complaint and finds that it requires amendment.

**I.   Application to Proceed *in Forma Pauperis***

Based on the financial information provided, the Court finds that Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee of $350 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**II.   Screening Pursuant to 28 U.S.C. § 1915A**

The Court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings,

however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp.*

*v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.   Screening of the Complaint

Plaintiff lists the following defendants in the caption of his complaint: Medical Management, LCC facility, Carson City DOC Office, Warden Palmer, Medical Director. In the defendants section of the complaint, Plaintiff lists only Warden Palmer as a defendant and does not indicate whether he is suing Warden Palmer in his individual and/or official capacities. In Count I, Plaintiff claims that his First Amendment right to petition the government for redress of grievances was violated when Dr. Scott denied his request for surgery and his grievances were denied. He also states that Katherine Hegge, RN also denied any action on his surgery request. In Count II, Plaintiff claims that his Eighth Amendment rights were violated when he was denied medical care for the pain in his left leg, hip, right leg, and knee. Plaintiff seeks compensatory and punitive damages and declaratory relief.

####   A.   Defendants

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

1  The statute plainly requires that there be an actual connection or link between the actions of the
2  defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department*
3  *of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has
4  held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning
5  of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to
6  perform an act which he is legally required to do that causes the deprivation of which complaint is
7  made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not linked the named
8  defendants with any act or omission and the alleged constitutional deprivations. Additionally, Plaintiff
9  cannot sue inanimate jail buildings or facilities as they are not "persons" under section 1983. Therefore,
10 Plaintiff's claims against the defendants must be dismissed with leave to amend.

11     In *Kentucky v. Graham*, the Supreme Court clarified the distinction between official and personal
12 capacity suits. 473 U.S. 159, 165 (1984). The Court explained that while individual capacity suits seek
13 to impose personal liability upon a government official for actions performed under color of state law,
14 official capacity actions generally represent another way "of suing an entity of which an officer is an
15 agent." *Id.* (quoting *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)).
16 In order to establish personal liability in a §1983 action, a plaintiff must show that an individual, acting
17 under color of state law, caused a deprivation of a federal right. *Graham*, 473 U.S. at 166. By contrast,
18 in an official-capacity action, a plaintiff must demonstrate that a policy or custom of an entity
19 contributed to the violation of a federal law. *Id.* That is to say, "the action that is alleged to be
20 unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially
21 adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690.

22     "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the
23 Constitution and laws of the United States, and must show that the alleged deprivation was committed
24 by a person acting under color of state law." *West*, 487 U.S. at 48 (citation omitted). States and state
25 officers sued in their official capacities are not "persons" for purposes of a § 1983 action and may not
26

be sued under the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). On the other hand, § 1983 allows suits against state officers in their individual capacities for acts they took in their official capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). In Plaintiff's amended complaint, he must identify the defendants he wishes to sue in both the caption and the defendants section of the complaint. Plaintiff must also identify whether he is suing the named defendants in their individual and/or official capacities.

### B.    Count I

Plaintiff has not stated a claim under the First Amendment in Count I of the complaint. Plaintiff has not articulated a denial of his right to petition the government for redress of his grievances. Rather, Plaintiff's claim is really one of disagreement with the outcome of the grievances he submitted to prison officials. Failure to receive a favorable outcome on the grievances he submitted does not amount to a constitutional violation.

A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id*. at 354-55. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id*. at 351. Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id*. at 353. In *Lewis v. Casey*, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." *Id*. at 354. The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." *Id*. (quoting and disclaiming language contained in *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)); *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is

1 limited to the pleading stage of a civil rights action or petition for writ of habeas corpus). Because Plaintiff has not articulated an actual injury, Plaintiff's First Amendment claim in Count I must therefore be dismissed with leave to amend.

### C. Count II

Plaintiff fails to state a claim for an Eighth Amendment violation in Count II of the complaint. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id*.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). In order to state a claim of deliberate indifference, Plaintiff must show more than his mere disagreement with the prison officials' decision not to provide surgery on his leg. Plaintiff has not done that in his complaint. Therefore, Plaintiff's Eighth Amendment claim in Count II is dismissed with leave to amend.

**IV.     Motion for Appointment of Counsel**

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814 (1989).

In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332 (9th Cir. 1990). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel is denied.

**V.      Conclusion**

Because Plaintiff has failed to state a claim upon which relief may be granted, Plaintiff's complaint is dismissed. However, Plaintiff will be given one opportunity to amend his complaint if he believes he can correct the deficiencies described above. Plaintiff's motion for counsel is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#4) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if

this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #84535), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** with leave to amend.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court.  Plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies.  **Failure to comply with this Order will result in the dismissal of this action.**

**IT IS FURTHER ORDERED** that Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and Plaintiff shall place the case number, 3:09-CV-0675-ECR-RAM, above the words "FIRST AMENDED"in the space for "Case No."

**IT IS FURTHER ORDERED** that the Clerk shall send to Plaintiff two copies of a blank Section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **DETACH and FILE** Plaintiff's Motion for Appointment of Counsel (#1-2). Plaintiff's motion is **DENIED**.

DATED: April 6, 2010

_____
UNITED STATES DISTRICT JUDGE